UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SCOTTY MERRYMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:13-cv-00849-TWP-DKL ) |
| SARAH FISHER/HARTMAN RACING LLC, | ) ) |
| Defendant. | ) |

### ENTRY ON DEFENDANT'S SUBMISSION OF BILL OF COSTS

This matter is before the Court on Defendant Sarah Fisher/Hartman Racing LLC's ("SFHR") Motion for Bill of Costs pursuant Federal Rule of Civil Procedure 54(d)(1) (Filing No. 49). Plaintiff Scotty Merryman ("Mr. Merryman") filed claims under 42 U.S.C. § 2000e *et seq.* ("Title VII") for sex discrimination, religious discrimination, and retaliation, along with state law claims for battery, intentional infliction of emotional distress, and wrongful discharge. (Filing No. 1.) On December 3, 2014, the Court granted SFHR's Motion for Summary Judgment and dismissed Mr. Merryman's claims with prejudice. (Filing No. 47.) SFHR filed a Motion for Bill of Costs seeking litigation costs in the amount of $4,301.36. (Filing No. 49.)

Mr. Merryman raises two objections. First, he claims that the Bill of Costs should be denied because he is unable to pay for the expenses listed at this time or in the future. Second, certain amounts on the Bill of Costs are not expenses recoverable under 28 U.S.C. § 1920. Under Federal Rule of Civil Procedure 54(d)(1), "costs--other than attorney's fees--should be allowed to the prevailing party" "[u]nless a federal statute, these rules, or a court order provides otherwise." This creates a "strong presumption" that, at the court's discretion, the prevailing party will be reimbursed for the costs of litigation. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th

Cir. 1997). Still, "district court's possess wide discretion in determining whether expenses claimed by the prevailing party are taxable as costs." *Deimer v. Cincinnati Sub-Zero Products, Inc*., 58 F.3d 341, 345 (7th Cir. 1995).

Mr. Merryman first argues that he is unable to pay the Bill of Costs because his expenses exceed his income and he has substantial liabilities against him. To support his argument, Mr. Merryman provided an affidavit that lists his income, expenses, and liabilities. He claims he makes $12,419.00 annually from his current job and has had supplemental income of $6,120.00 for the year. (Filing No. 51-1, at ECF p. 1.) Further, Mr. Merryman lists his wife's income of $85,211.00 in his affidavit, though he fails to address her income in his Brief. (Filing No. 51-1, at ECF p. 1.) He lists his expenses, such as mortgage payments, a line of credit, homeowner's insurance, groceries, a textbook payment, and various monthly bills. (Filing No. 51-1, at ECF p. 5.) He also lists his liabilities, which include child support payments, two judgments against him, and student loan debt. (Filing No. 51-1, at ECF p. 2.)

A party hoping to avoid costs based on an inability to pay must show actual indigence, not just that the party's financial resources are limited. *Corder v. Lucent Techs., Inc.*, 162 F.3d 924, 929 (7th Cir. 1998). Indigence is not a "blanket excuse for paying costs," but a very narrow exception that requires the Court to make a factual finding that the losing party is "incapable of paying the court-imposed costs at this time or in the future." *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006). The losing party has the burden of providing the court with sufficient documentation to support such a finding, including "evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Id.* Being that proof of indigency is a very narrow exception, the Court finds that Mr. Merryman failed to demonstrate that he is indigent and incapable of paying the Bill of Costs. In addition to his income,

Mr. Merryman has an income-producing spouse that, although not a party to this suit, may assist him with his financial needs. *See Treat v. Tom Kelley Buick Pontiac GMC, Inc.*, No. 1:08-CV-0173-WCL-RBC, 2010 WL 3672230, at *6 (N.D. Ind. Sept. 13, 2010) (The court noted that two of the litigants had income-earning spouses and were accordingly, among other factors, not indigent). Further, while Mr. Merryman may experience a financial burden if he incurs the litigation costs, the Court is not convinced that he is incapable of paying the costs in the future.

Second, Mr. Merryman argues that the costs of Laurin Dawes's ("Mr. Dawes") May 13, 2014 deposition, in which he failed to show up, is not an expense that was reasonably necessary to the case. Mr. Merryman claims that both parties had a difficult time locating Mr. Dawes and both worked together to try to locate him. Although Mr. Dawes did not attend the deposition set for May 13, 2014, he did attend a subsequent deposition on May 22, 2014. SFHR, conversely, claims it incurred court reporter fees of $192.45 for Mr. Dawes' no-show deposition. SFHR states that it was reasonably necessary to obtain a transcript from Mr. Dawes' no-show deposition to preserve Mr. Merryman's "failure to produce its witness in anticipation of trial and for the defense of the litigation generally." ([Filing No. 5, at ECF p. 2-3](Filing No. 5, at ECF p. 2-3).) Further, SFHR claims that at the time of the first deposition, Mr. Merryman already had a signed affidavit from Mr. Dawes, although Mr. Merryman claimed that he was unable to locate Mr. Dawes. The Court agrees with SFHR that the no-show deposition was reasonable.

A district court may tax a prevailing party's costs to the losing party under Rule 54(d) if the specific expense is authorized by a federal statute. *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 701 (7th Cir. 2008). Under 28 U.S.C. § 1920(2), the Court is authorized to award costs for depositions only if the transcript is "necessarily obtained for use in the case." *Id.* A cost must be both reasonable and necessary to the litigation for a prevailing party to recover it. *Id.*

(citations omitted). SFHR has demonstrated that the transcript from the May 13, 2014 deposition was used as litigation strategy, even if SFHR did not use the transcript as expected. *See Mother and Father v. Cassiday*, 338 F.3d 704, 712 (7th Cir. 2003) (Necessity is "determined in light of the facts known at the time of the deposition without regard to intervening developments that render the deposition unneeded for further use"). Additionally, other federal courts have allowed for the recovery of no-show depositions. *See Papas v. Hanlon*, 849 F.2d 702, 704 (1st Cir. 1988) ("We find no-show deposition costs are incidental expenses that fall within § 1920(2) and conclude that the district court did not abuse its discretion when it entered the order awarding costs"); *see Perry v. City of Chicago*, No. 08 C 4730, 2011 WL 612342, at *4 (N.D. Ill. Feb. 15, 2011) (The court found "the [party's] description of the circumstances surrounding [the witness's] absence at both depositions to be credible" and granted the costs of the two depositions).

Mr. Merryman argues that in the event the Court finds the deposition cost to be reasonably necessary, the full amount of $192.45 for the May 13, 2014 deposition is unreasonable. He claims that the cost of the deposition should be reduced from $192.45 to $85.00 and cites *Highway Commercial Servs., Inc. v. Midwest Trailer Repair, Inc.*, No. 08 CV 3445, 2011 WL 3159128, at *16-17 (N.D. Ill. July 26, 2011) to support his argument. In *Highway Commercial Servs., Inc.*, the court found that the prevailing party was not entitled to the full attendance cost of $115.00 for a no-show deposition and lowered the cost $85.00 which the court considered more reasonable. The Court finds Mr. Merryman's argument persuasive. Here, the fee of $192.45 was for an original and one certified copy of Mr. Dawes no-show transcript. (Filing No. 49-1 ECF p. 6). In comparison, the fees for one certified copy of the transcripts of deponents invoiced on April 1, 2014 were as follows: Daniel Klotz - $81.70; Jeremy Milless - $78.05; Joe Ward - $90.30; and Mark Albert - $86.00. (Filing No. 49-1 ECF p. 3) As such, the Court finds the costs for both an

original plus one certified copy to be excessive and not reasonable. As with the deponents who actually appeared, one certified copy of the no-show deposition would have been more reasonable. Accordingly, the Court will allow $85.00 for Mr. Dawes no-show deposition.

The Court concludes that Mr. Merryman has not met his burden of showing that his indigence renders him unable to pay the Bill of Costs, however, the no-show fee for Mr. Dawes should be reduced to the reasonable sum of $85.00. Therefore, the Court **GRANTS** SFHR's Motion for Bill of Costs in the amount of $4,193.91.

**SO ORDERED.**

Date: 4/20/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Brent R. Borg
CHURCH CHURCH HITTLE & ANTRIM
bborg@cchalaw.com

Kelleigh Fagan
CHURCH CHURCH HITTLE & ANTRIM
kfagan@cchalaw.com

Mark James Romaniuk
FAEGRE BAKER DANIELS LLP (Indianapolis)
mark.romaniuk@faegrebd.com

Jeffrey Scott Beck
FAEGRE BAKER DANIELS LLP (Indianapolis)
jeffrey.beck@faegrebd.com

Ryann E. Ricchio
FAEGRE BAKER DANIELS LLP (Indianapolis)
ryann.ricchio@faegrebd.com

Jenie Van Hampton
FAEGRE BAKER DANIELS LLP (Indianapolis)
jenie.vanhampton@faegrebd.com